# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:15-CR-19-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) **MEMORANDUM AND ORDER** |
| v. | ) |
| | ) |
| RONALD MCKNIGHT, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendant's "Motion to Proceed Pro Se and Dismiss Present Counsel" (document # 49) filed January 4, 2017. The Court conducted a hearing in this matter on January 25, 2017. Present were Defendant, appointed counsel Roderick Davis, and Assistant U.S. Attorney Steven Kaufman.

On January 21, 2015, a Bill of Indictment, Doc. 9, was returned by the Grand Jury charging Defendant with two counts of bank robbery in violation of 18 U.S.C. § 2113(a).

At the hearing, Defendant stated that he wishes to represent himself. Mr. Davis was appointed on December 21, 2016. He is Defendant's third court appointed counsel. Defendant refused to cooperate with Mr. Davis at their initial meeting.

The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear

and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court posed several questions to Defendant to determine whether his decision to waive counsel was made knowingly, intelligently and voluntarily. Mr. Kaufman recited the charges and penalties. Trial is set for March 27, 2017. The Court explained that the District Judge and the Government cannot give Defendant legal advice or assistance at trial and that he must follow the same rules of evidence and procedure as an attorney practicing before this Court. He will be solely responsible for examining witnesses, presenting evidence, and proposing jury instructions. The Court addressed the sentencing process and advised Defendant that he may qualify as a career offender. Mr. Kaufman addressed the impact of career offender status on Defendant's guidelines range. Defendant responded that he understood these consequences of self-representation.

As a result of the Court's colloquy, the Court finds that Defendant was not under the influence of alcohol or drugs, that he has completed a GED while in custody, that he understood his right to counsel and his right to self-representation, that he understood the consequences of self-representation, and that he understood the charges against him as well as the maximum penalties and fines.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore, for the foregoing reasons, the Defendant's Motion to represent himself is **GRANTED**.

The Court addressed whether or not to appoint standby counsel. Defendant expressed a desire for standby counsel other than Mr. Davis. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." U.S. v. Stewart, 129 F. App'x 758, 765 (4th Cir. 2005)(quoting U.S. v. Singleton, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). See also McKaskle v. Wiggins, 465 U.S. 168, 184 (1984)("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense."). The Court finds that Defendant's answers were clear and unequivocal with regard to representing himself. Given the totality of the circumstances and in an abundance of caution, the Court appoints Mr. Davis as standby counsel for Defendant.

Defendant was previously found competent to proceed following a hearing on May 18, 2016. The Court orders Defendant to take all prescribed medications.

The Clerk is directed to send copies of this Order to counsel for the Government, to standby counsel, the Defendant and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: January 25, 2017

David S. Cayer
United States Magistrate Judge