**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:15-CR-019-RJC-DSC**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RONALD McKNIGHT ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Defendant Ronald McKnight's oral Motion to Appoint Stand-By Counsel made in open court on May 30, 2017. Having carefully considered the full record in this matter, and especially the arguments of the parties at a hearing before the undersigned on June 6, 2017, the Court in its discretion will <u>deny</u> the motion. The Defendant, who previously asserted his right to self-representation, will continue to represent himself, without stand-by counsel.

A lengthy summary of this matter is unnecessary to explain the Court's ruling. The Defendant was indicted on two counts of bank robbery on January 21, 2015 (Document No. 9). Following a long legal journey including a competency hearing, six continuances, and the withdrawal of three appointed counsel, this matter is nearing its conclusion. In an order dated June 1, 2017, Judge Robert Conrad denied the Defendant's motion for a seventh continuance (Document No. 67); this case is currently pending trial.

On the issue of counsel, the Defendant has been represented by a total of three appointed counsel over the course of this matter: J.P. Davis, Julia Mimms, and Roderick Davis. On January 25, 2017, the Court conducted a <u>Faretta</u> hearing following Defendant's request to represent himself, concluding that Defendant had knowingly, voluntarily, and intelligently waived his right

to counsel (Document No. 50). Roderick Davis remained in the case at that time as stand-by counsel.

However, on April 27, 2017, Defendant filed a "Motion To Terminate Substitute Stand-In Counsel …" (Document No. 59), which was followed on May 10, 2017 by Roderick Davis' "Motion To Withdraw As Attorney Stand-By Counsel" (Document No. 61). On May 16, 2017, Judge David Cayer held a hearing on the matter and allowed Mr. Davis' withdrawal from the case. Judge Cayer observed in his written order that "based on Defendant's well documented history with three appointed counsel, the Court is satisfied that he will not cooperate with counsel in any capacity." (Document No. 63).

Now the Defendant is back requesting appointment of a fourth lawyer to assist him as stand-by counsel as the upcoming trial approaches. It is worth noting that, during the June 6, 2017 hearing, Defendant again criticized the performance of all three of his appointed lawyers in this case. When asked, Defendant declined to have Roderick Davis return as his stand-by counsel. The undersigned can only conclude that Judge Cayer was quite right in concluding that Defendant cannot work with any appointed counsel. Appointing a fourth lawyer as stand-by counsel would, in the Court's opinion, simply spawn more motions practice by Defendant over alleged failures by counsel; the Defendant may represent himself without stand-by counsel.

**IT IS, THEREFORE, ORDERED** that Defendant's oral Motion To Appoint Stand-By Counsel made in open court on May 30, 2017 is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant, who has previously asserted his right to self-representation at a Faretta hearing, may continue to represent himself.

**SO ORDERED**.

Signed: June 16, 2017

David C. Keesler
United States Magistrate Judge