UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00719-RJC
(3:15-cr-00019-RJC-1)

| RONALD MCKNIGHT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.   BACKGROUND**

On January 21, 2015, Pro Se Petitioner Ronald McKnight ("Petitioner") was charged in a Bill of Indictment with two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One and Two). [CR Doc. 9: Indictment]. Counsel was appointed for Petitioner at his initial appearance. [1/12/2015 CR Docket Entry]. Shortly after Petitioner's indictment, the Court granted the Government's motion for a psychiatric examination of Petitioner. [CR Docs. 10, 11]. On March 13, 2015, Petitioner filed a Notice Pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure that the defense intended to pursue a defense based on Petitioner's mental condition at the time of commission of the charged offenses. [CR Doc. 13]. On September 16, 2015, the Magistrate Judge conducted a competency hearing after receipt of a Forensic Psychological

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00719-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:15-cr-00019-RJC-1.

Report.  [9/16/2015 CR Docket Entry; see CR Doc. 21].  The Court found that Petitioner "[was] currently suffering from a mental disease or defect rendering him mentally incompetent to proceed."  [CR Doc. 22].  The Court directed further custodial treatment and evaluation of Petitioner's competency to determine if he could attain competency.  [Id.].  After a period of approximately seven months, further psychiatric evaluation of Petitioner, and the submission of a Certificate of Restoration of Competency to Stand Trial, a second competency hearing was conducted.  [5/18/2016 Docket Entry; see CR Doc. 25].  Petitioner was found competent to stand trial.  [Id.].  On August 26, 2016, the Government moved for a sanity examination.  [CR Doc. 32].  Thereafter, Petitioner withdrew his Rule 12.2 Notice, noting that the Government's motion for a sanity examination was, therefore, moot.  [CR Doc. 33].  The Government then moved, *in limine*, to preclude the presentation of an insanity defense at trial.  [CR Doc. 34].

On September 23, 2016, after a hearing inquiring into the status of counsel, the Court concluded that substitution of appointed counsel for Petitioner was necessary and appointed new counsel for Petitioner, despite the imminent October 3, 2016 trial date.  [9/23/2016 Docket Entry; see CR Doc. 31].  Petitioner's trial was continued to December 5, 2016 and then to February 6, 2017.  [CR Docs. 39, 43].  Thereafter, on Petitioner's motion, the Court conducted another hearing inquiring into the status of counsel.  [CR Doc. 44; 12/20/2016 CR Docket Entry].  New counsel was again appointed for Petitioner [CR Doc. 46] and the trial was again continued and set for April 3, 2017.  [CR Doc. 48].  On January 4, 2017, Petitioner filed a pro se motion to proceed pro se and to dismiss his attorney.  [CR Doc. 49].  The Court conducted a hearing on Petitioner's motion [1/25/2017 Docket Entry] and granted Petitioner's motion, but appointed Petitioner's counsel as stand-by counsel.  [CR Doc. 50].  Petitioner moved the Court to substitute different stand-by counsel for Petitioner.  [CR Doc. 52].  Petitioner claimed his stand-by counsel was conspiring with

2

the Government against Petitioner. [Id.]. The Court denied Petitioner's motion. [2/22/2017 Docket Entry]. Thereafter, on motion by Petitioner's stand-by counsel, the Court continued the trial yet again. [CR Docs. 56; 3/27/2017 CR Docket Entry]. Less than a month later, Petitioner again moved for his stand-by counsel to be excused based on the same grounds. [CR Doc. 58]. The Court again denied Petitioner's motion. [4/18/2017 CR Docket Entry]. Nine days later, Petitioner moved yet again for his stand-by counsel to be excused and for new stand-by counsel to be appointed. [CR Doc. 59]. Among other things, Petitioner claimed that his stand-by counsel threatened to physically harm him, accused his stand-by counsel of conspiring with the Government, and accused his stand-by counsel of sabotaging evidence. [Id.]. Petitioner also stated that he did not trust, was in fear of, and sought protection from his stand-by counsel. [Id.]. The Court ordered Petitioner's stand-by counsel to respond to Petitioner's motion. [4/28/2017]. In response, Petitioner's stand-by counsel moved to withdraw as counsel, denying all allegations made by Petitioner and argued that the allegations create a direct, substantial, and irreconcilable conflict in the attorney client relationship. [CR Doc. 61]. The Court allowed the motion to withdraw by Petitioner's stand-by counsel, concluding "[b]ased upon [Petitioner's] well documented history with three appointed counsel, the Court is satisfied that he will not cooperate with counsel in any capacity." [CR Doc. 63]. Thereafter, Petitioner moved for another continuance of the trial and to plead guilty "nolo contendere." [CR Docs. 64, 65]. A hearing for Petitioner to plead "straight up" was set for May 30, 2017. [5/30/2017 CR Docket Entry]. A Rule 11 hearing was held but not completed because, although Petitioner wanted to accept responsibility for what he had done, he wanted access to certain discovery materials that he believed would inform his career offender status for sentencing purposes. Petitioner orally requested stand-by counsel be again appointed to aid him in assessing this issue. [See CR Doc. 115 at 13-16, 19, 40:

Hearing Tr.]. The Court denied this seventh request for a continuance and, instead, decided to call the matter for trial later in the trial term to accommodate Petitioner's request to review discovery. [CR Doc. 67]. On June 6, 2017, hearing was held on Petitioner's oral motion for stand-by counsel. [6/6/2017 CR Docket Entry]. After lengthy inquiry of the prosecutor, the Petitioner, and Petitioner's former stand-by counsel, the Court denied Petitioner's oral motion for new stand-by counsel. [CR Doc. 116 at 28: Hearing Tr.; CR Doc. 73]. The Court concluded that, "[a]ppointing a fourth lawyer as stand-by counsel would, in the Court's opinion, simply spawn more motions practice by [Petitioner] over alleged failures by counsel." [CR Doc. 73 at 2].

On June 28, 2017, the jury trial finally began. [6/28/2017 CR Docket Entry]. The jury found Petitioner guilty on both counts. [CR Doc. 78; see CR Docs. 119, 120: Trial Trs.]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 87: PSR]. The probation officer calculated a Total Offense Level (TOL) of 32, which resulted from Petitioner's status as a career offender under U.S.S.G. §4B1.1(b)(3). [CR Doc. 87 at ¶¶ 47, 49]. In find Petitioner to be a career offender, the probation officer noted that Petitioner had "at least two prior felony convictions of either a crime of violence or a controlled substance offense [(1) Bank Robbery, four counts counted as a single sentence, - 3:93CR237, 3:93CR245, 3:94CR19, 3:94CR20, and (2) Bank Robbery four counts counted as a separate single sentence, - 3:98CR92 and 3:03CR39]." [Id. at ¶ 47]. Based on a TOL of 32 and a Criminal History Category of VI, the probation officer found a guidelines range of 210 to 262 months' imprisonment. [Id. at ¶ 105].

On May 22, 2018, the Court sentenced Petitioner. [CR Doc. 124: Sentencing Tr.]. At sentencing, Petitioner argued he was not a career offender, claiming that the four counts of bank robbery that were counted as a single sentence were "actually supervised release violations" and

4

were more than 15-years-old. [Id. at 8, 9-10]. The Court advised Petitioner that the time runs from the time a defendant is released from custody on the previous offense, not from the time the offense is committed. [Id. at 9-10]. The Court further explained as follows:

> [Y]ou were convicted in '94, you got a 57-month sentence. You were released in '98, and a warrant for arrest was issued for supervised release violation. And then your supervised release term was revoked in 2003, and you did a 12-month sentence, and the 15 years runs from that point of time.

[Id. at 10]. Thereafter, the Court overruled Petitioner's objection to his career offender status and heard arguments from the parties regarding an appropriate sentence within the 210 to 262 month-range. [Id. at 11-20]. After examining the sentencing factors pursuant to 18 U.S.C. § 3553(a), the Court imposed a term of imprisonment of 240 months. [CR Doc. 124 at 21-23]. Judgment on Petitioner's conviction was entered on June 19, 2018. [CR Doc. 99: Judgment]. Petitioner appealed the Court's conviction and sentence. [CR Doc. 94; see CR Doc. 97]. The Fourth Circuit appointed appellate counsel for Petitioner. [CR Doc. 102]. A few months later, the Fourth Circuit granted appellate counsel's motion to withdraw as counsel for Petitioner and appointed new appellate counsel for Petitioner. [CR Doc. 122].

On appeal, Petitioner argued "the circumstances surrounding his request to represent himself should have alerted the court to the prospect that he was no longer competent." United States v. McKnight, 794 Fed. App'x 271, 272 (4th Cir. 2020). The Fourth Circuit affirmed this Court's judgment, finding that the Court did not err in failing sua sponte to order another competency hearing. Id. at 274, 275. The Fourth Circuit found, in part, as follows:

> [Petitioner's] conduct at trial indicated that, in a very real sense, he was able to assist in his own defense. Representing himself, [Petitioner] cross-examined each of the government's witnesses and testified on his own behalf. He admitted taking money from bank tellers but denied using any "force, violence, and intimidation." To support his theory of the case, [Petitioner] argued that he behaved

5

> cordially to each of the bank tellers and omitted any reference to a weapon in the notes he passed them. He also told the jurors, before the court sustained the prosecutor's objection, that the "only reasons why [he was] here at trial" was because he believed the prosecutor should have charged him with "the lesser included offense of bank larceny." Plainly, his conduct at trial reinforced the Cunic Report's recognition that [Petitioner] was "adept in negotiating sophisticated procedures to achieve specific legal goals."

Id. at 275. Petitioner did not petition the Supreme Court for writ of certiorari.

On December 21, 2020, Petitioner timely filed the pending § 2255 motion to vacate. [CV Doc. 1]. In his § 2255 motion, Petitioner asserts the following grounds for relief: (1) "evidence at jury trial was manipulated and modified by the prosecutor as well as trial and hearing transcripts that will not match the voice recordings;" (2) "jury was misinstructed [sic] by trial judge;" (3) "I was found to be career offender prior bank robbery cases was used from 1993. I was incompetent to stand trial in 1998 to 2003;" and (4) "I did not committ [sic] the crime by force, violence and or intimidation." [CV Doc. 1 at 4-5, 7-8]. In his Section 2255 motion, Petitioner claims that he was effectively denied assistance of counsel on appeal because his "appeals court lawyer refus[ed] to correspond with [Petitioner]." [Id. at 9]. Petitioner, however, does not state ineffective assistance of appellate counsel as a separate ground for relief. [See id.]. Petitioner seeks that his sentence be vacated and that he be resentenced. [Id. at 13].

II.  **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing

6

based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

Under the Rules Governing Section 2255 Proceedings for the United States District Courts, an applicant for relief under § 2255 must "specify all the grounds for relief available" and "state the facts supporting each ground."  Rule 2(b)(1)-(2).  Here, Petitioner provides no factual support for any of his claims for relief.  Petitioner makes bare allegations of manipulation of evidence by the Government, error by the Court in instructing the jury, objection to his career offender status (claiming baldly that he was incompetent to stand trial from 1998 to 2003), and that he did not commit the bank robberies by force, violence, or intimidation.  These claims are insufficient under Rule 2 and will be dismissed as conclusory.  See Mayle v. Felix, 545 U.S. 644, 655 (2005) (recognizing that notice pleading is insufficient on collateral review): United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).

Further, a § 2255 motion is not a substitute for a direct appeal.  See United States v. Frady, 456 U.S. 152, 165 (1982).  Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense.  See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008).  "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).  A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the

7

claim was not reasonably available when the matter should have been raised." Id. Futility does not establish cause to excuse procedural default. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494. Here, Petitioner has not demonstrated cause and prejudice or actual innocence, and no exception to the procedural default rule is evidenced from the record. See Bousley, 523 U.S. at 621-22. To be sure, Petitioner does not request a new trial, but only that he be sentenced, presumably without the career offender enhancement that was applied at sentencing which Petitioner did not appeal. Moreover, Petitioner admitted having committed the bank robberies at trial, but argued that he should have been charged with bank larceny, not robbery.

In sum, Petitioner's claims are conclusory and procedurally barred, in any event. They will be dismissed.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

8

Case 3:15-cr-00019-RJC   Document 141   Filed 02/16/21   Page 8 of 9

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 16, 2021

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge